JOHN S. BALSLEY

v.

THE ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD COMPANY.

*Filed at Springfield October 6, 1886.*

1. RAILROADS—*in case of a leasing—remaining liability of the lessor company for negligence in operating the road.*   A railway company can not absolve itself from the performance of duties imposed upon it by its charter or any general law of the State, or relieve itself from liability for the wrongful acts or omissions of duty of persons operating its road, by transferring its corporate powers to other parties, or by leasing its road to them, except by special statutory authority.   To allow it to do so would be contrary to public policy.

2. So a railway company which has leased its road to another company, and the exclusive use of its track, etc., for ninety-nine years, which leasing is confirmed by the legislature of this State, will be liable for the destruction of property by fire, caused by a neglect on the part of the lessee company to keep its track and right of way clear from all dead grass, dry weeds, etc., notwithstanding the legislature may have conferred upon such lessee company all the powers of the lessor company, and others.   There being no clause of exemption in such act of the legislature, the liability of the lessor would remain.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. W. R. WELCH, Judge, presiding.

Mr. GEORGE M. STEVENS, for the appellant:

A railway company can not escape liability for the non-performance of any duty or obligation imposed upon it by its charter or the general law of the State, by the voluntary surrender of its road into the hands of lessees.   *Railroad Co.* v. *Brown,* 17 Wall. 450; *Railroad Co.* v. *Mayes,* 49 Ga. 355; *Nelson* v. *Railroad Co.* 26 Vt. 717; *Railroad Co.* v. *Dunbar,* 20 Ill. 623; Pierce on Am. Railroad Law, 244; Pierce on Railroads, 283; *Railroad Co.* v. *Barron,* 5 Wall. 104; *Singleton* v. *Railroad Co.* 70 Ga. 464.

Mr. JOHN T. DYE, for the appellee:

While a railway company can not absolve itself from the performance of the obligations to the public, growing out of the ownership of "the franchise and exclusive right to operate a railroad," without the consent of the legislature, it is perfectly clear that it can transfer its franchise and exclusive right to operate its road with the assent of the legislature.

The liability for negligence in the exercise of the right to operate the road, rests upon the corporation holding such right, or to the one actually guilty of the negligent acts complained of. In this case, the franchise and exclusive right to operate the road had been transferred to the Indianapolis and St. Louis Railroad Company, and such transfer had been confirmed by the legislature. No question arises in this case as to the power of the defendant to relieve itself from the burden it owed to the public. The act of the legislature recognizes the transfer, and clothes the lessee with all the franchises which the lessor had possessed before the passage of the act. After this act, the defendant was no longer the exclusive owner of the franchise and right to operate the road, and no longer rested under the obligations growing out of such exclusive ownership. Indeed, the defendant, after such act was passed, had no right to operate the road at all. The exclusive right to operate the road belonged to another company, and all the burdens growing out of the ownership of that exclusive right, rested upon the company holding such exclusive right by the authority of the legislature.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by John S. Balsley, against the St. Louis, Alton and Terre Haute Railroad Company, to recover damages for the loss, in 1881, of a quantity of hay, by fire communicated from a freight engine on defendant's railroad, to and through dry grass and weeds on its right of way.

Section 38, chapter 114, of the Railroad and Warehouse act, approved March 1, 1874, (Rev. Stat. 1874, p. 807,) is as follows: "It shall be the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds, or other dangerous combustible material, and for neglect shall be liable to the penalties named,"—double the amount of damages suffered therefrom. The action was for the breach of this duty. The cause was tried by the court without a jury, and judgment rendered in favor of the plaintiff for $600 and costs, which was reversed by the Appellate Court for the Third District, and the plaintiff appealed to this court.

In September, 1867, defendant made a lease of its road, for ninety-nine years, to the Indianapolis and St. Louis Railroad Company, a corporation organized under the laws of Indiana, the lease giving to the latter company for that time, upon the terms and conditions therein set forth, the exclusive right to use upon said road any and all locomotives, passenger and freight cars, and all other rolling stock and equipments then belonging to it, and the lessee agreed to indemnify the lessor against all claims for loss and destruction, by whatever cause, of any property whatsoever, while under its control. By an act of the legislature of this State, of March 31, 1869, it was provided as follows:

"Sec. 1. That the lease of the St. Louis, Alton and Terre Haute Railroad Company, and the property and road thereof, to the Indianapolis and St. Louis Railroad Company, under which the railroad extending from Terre Haute, in the State of Indiana, to East St. Louis, in the State of Illinois, is now operated, be and stand confirmed according to the terms of said lease: *Provided, however,* that nothing in this act shall be construed to release the said lessors from any debt, cause of action or contract now existing against them.

"Sec. 2. The said lessees, their associates, successors and assigns, shall be a railroad corporation in this State, under the said style of the Indianapolis and St. Louis Railroad Com-

pany, and shall possess the same or as large powers as are possessed by said lessor corporation, and such other powers as are usual to other corporations."

The facts are undisputed, and the only question made is, whether the aforesaid lease and act of the legislature constitute a defence.

It is conceded that by the law of this State, railroad corporations are liable for injuries by the wrongful acts of any lessee or other person, done in the exercise, by its permission, of any of its franchises. But it is insisted that this liability for the acts of others is limited to wrongs done by them while in the performance of acts which they would have had no right to perform except under the charter of the company sought to be made liable, where they are to be regarded, with reference to the public, as the servants and agents of such company; that the act of the legislature here created a new corporation, and conferred upon it franchises which thereby became its own, and independent of the lease,—so that the negligence complained of occurred in the performance of an act performed in the lessee company's own right, and not under the charter, nor as the servant or agent of defendant, wherefore there is no ground for its liability; and the case of *West* v. *St. Louis, Vandalia and Terre Haute Railroad Co.* 63 Ill. 545, is supposed to sustain this view. That case does point out a distinction as to the liability of a railroad corporation for acts of its lessees or contractors, where the acts are done in the exercise of a franchise granted to the corporation, or are not done in the exercise of such a franchise; but it does not, we think, go to the length of being a warrant for holding the non-liability of the defendant in this case.

The reason for holding a railroad company responsible for the performance of all the duties and obligations imposed upon it by its charter or the general law of the State, while it is being operated by a lessee, does not, we conceive, rest upon the narrow ground, alone, of the latter being in the

exercise of a franchise which belongs to the former, and, in so acting, is to be held as the servant or agent of the lessor corporation. In consideration of the grant of its charter, the corporation undertakes for the performance of duties and obligations toward the public, and there is a matter of public policy concerned, that it should not be relieved from the performance of its obligations without the consent of the legislature.

In *Railroad Co.* v. *Brown*, 17 Wall. 450, it is said: It is the accepted doctrine in this country, that a railroad corporation can not escape the performance of any duty or obligation imposed by its charter or the general law of the State, by a voluntary surrender of its road into the hands of lessees. In *Thomas* v. *Railroad Co.* 101 U. S. 83, the language of the court is: "Where a corporation, like a railroad company, has granted to it, by charter, a franchise intrusted, in large measure, to be exercised for the public good, the due performance of those functions being the consideration of the public grant, any contract which disables the corporation from performing those functions,—which undertakes, without the consent of the State, to transfer to others the rights and powers conferred by the charter, and to relieve the grantees of the burden which it imposes,—is a violation of the contract with the State, and is void, as against public policy." "The corporation can not absolve itself from the performance of its obligations without the consent of the legislature." *York and Maryland Line Railroad Co.* v. *Winans*, 17 How. 39. Pierce on American Railroad Law, 244, lays down the rule: "The company can not divest itself of responsibility for the torts of persons operating its road, by transferring its corporate powers to other parties, or by leasing its road to them, in the absence of special statutory authority and exemption. It can not, by its own act, absolve itself from its obligations without the consent of the legislature. The lessees may, however, also be responsible for the injury." In *Ohio and Mississippi*

*Railroad Co.* v. *Dunbar*, 20 Ill. 623, this court say: "This plea presents the question whether an incorporation of this kind (railroad) has the legal capacity to lease its corporate property and franchises so as to be relieved from liability to the public for injuries sustained, and damages resulting from breach of contract entered into by the lessee. * * * When these bodies accept their charters, they are held to enter into a contract with the State to discharge all the duties imposed, and to·exercise the rights and privileges conferred on them in the manner prescribed; and they must be held to a performance of this contract in precisely the same manner as is required of individuals." *Singleton* v. *Southwestern Railroad Co.* 70 Ga. 464, was a case where there had been a lease of a railroad to another corporation, with the consent of the legislature thereto, and an action brought against the lessor to recover for an injury sustained on the lessee's train. The court say: "But it is said that the Southwestern Railroad Company had the consent of the legislature to lease its road, and having entered into contract with the Central Railroad and Banking Company under that consent, it is absolved from its obligations to the public under its original charter. Authorities are cited to sustain this doctrine. Indeed, some of those hereinbefore referred to are relied upon. The view which we take of the law and the cases cited, is, that the original obligation can only be discharged by a legislative enactment consenting to and authorizing the lease, with an exemption granted to the lessor company." And see 1 Redfield on Law of Railways, 590.

It thus appears, from authorities cited, that in order to the release of a railroad corporation from the obligations imposed upon it by its charter and the law, it requires exemption therefrom by the legislature. This view we are disposed to adopt, although there may be authorities to the contrary. We find nothing of such exemption in this act of March 18, 1869. There is certainly no express exemption. The first

section confirms the lease according to its terms. But the lease contains no exemption. The main purpose of the second section is to create the lessee corporation a domestic corporation, and in doing this, it is declared that the corporation created shall possess the same powers as the lessor corporation. We do not see that this impliedly exempts defendant from any obligation under its charter or the law. It is compatible with the act that such obligation should remain. There is nothing substitutional, of one corporation for the other. Nothing is taken from defendant, but the full consideration of its charter remains to it. Under its franchise it has built its road, and it will enjoy the benefit thereof, during the continuance of the lease, in the rental which it will receive. On the termination of the lease by effluxion of time, or forfeiture, the road will revert to defendant.

The reason why freedom from responsibility is claimed for the defendant is, that the lessee, in operating the road, was in the exercise of its own franchise granted to it by the State, and not in the exercise of defendant's franchise, by its permission, and so was not defendant's servant or agent. We do not accept this as the only ground of liability, as is thus intimated. Above this, are the charter obligations for the performance of its duties toward the public, which defendant assumed. The interest of the public requires the continuance of these obligations, and we are of opinion they should be held to remain upon the defendant.

The judgment of the Appellate Court will be reversed, and the cause remanded to that court, with direction to affirm the judgment of the circuit court.

*Judgment reversed.*