AXLINE v. TOLEDO, W. V. & O. R. CO. et al.

(Circuit Court, S. D. Ohio, E. D.   December 17, 1903.)

No. 1,135.

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—DEFENDANT IMPROPERLY JOINED.

On the question of diversity of citizenship of the parties, within the statutes as to removal of causes, one improperly joined as a defendant is to be disregarded.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 79–81.

Diverse citizenship ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. RAILROAD COMPANIES—LEASE OF ROAD—LIABILITY OF LESSOR FOR LESSEE'S NEGLIGENCE.

Rev. St. Ohio 1892, § 3305, providing that, notwithstanding an Ohio corporation leases its railroad, it shall remain liable, as if it operated the road, and both lessor and lessee shall be jointly liable on all rights of action accruing to any one for any negligence or default growing out of the operation or maintenance of the road, or in any wise connected therewith, relates only to the duties of a carrier, and does not make the lessor liable to an employé of the lessee injured through the lessee's failure to perform its duties as master.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 802–813.]

E. W. James, for plaintiff.

Pomerene & Pomerene, for defendants.

THOMPSON, District Judge.   This cause is submitted upon a motion to remand the same to the court of common pleas for the county of Coshocton, in the state of Ohio (the court in which it originated), upon the ground that diverse citizenship, within the meaning of the removal acts, is not shown.   Under these acts it is necessary that all the parties on one side of the controversy shall be citizens of a different state or states from all the parties on the other side, and in this case the record shows that the plaintiff and the defendant the Toledo, Walhonding Valley & Ohio Railroad Company are citizens of the same state, to wit, Ohio; but it further appears that the Toledo, Walhonding Valley & Ohio Railroad Company is improperly joined as a defendant, and its citizenship therefore should be disregarded.   The tort set up in the original petition was not the joint tort of the defendants, nor was the Toledo, Walhonding Valley & Ohio Railroad Company a party thereto in any respect.   The plaintiff was a servant of the Pennsylvania Company, employed in the operation of a railroad, and was injured while in that service, as is alleged, by reason of the negligence of that company.   The Toledo, Walhonding Valley & Ohio Railroad Company was the owner of the railroad, and the Pennsylvania Company was its lessee: and it is claimed that the Toledo, Walhonding Valley & Ohio Railroad Company is liable to the plaintiff

for the injury he sustained, under section 3305 of the Revised Statutes of Ohio of 1892, which provides:

"* * * And notwithstanding such lease the corporation of this state, lessor therein, shall remain liable as if it operated the road itself, and both the lessor and lessee shall be jointly liable upon all rights of action accruing to any person for any negligence or default growing out of the operation and maintenance of such railroad, or in any wise connected therewith."

This law has relation to the duties of the railroad company as a common carrier, and in that respect is declaratory of the common law, and is not applicable to the plaintiff's case, which is founded upon the contract of service between the plaintiff and the Pennsylvania Company, and not upon any duty which the Pennsylvania Company, as a common carrier, owed to the plaintiff. If the Pennsylvania Company had undertaken to carry the plaintiff as a passenger, as in the case of Central Ohio Company et al. v. Mahoney, 114 Fed. 732, 52 C. C. A. 364, and while being so carried the plaintiff had been injured by reason of the negligence of that company, both companies would have been jointly liable, under the provisions of the Ohio statute referred to, because the injury would have been caused by the failure of the Pennsylvania Company to perform the duty imposed upon it by law as a common carrier; but the plaintiff was not being carried as a passenger over the railroad, but was a servant in the employ of the Pennsylvania Company, and the duty which that company owed him arose out of the contract between them, and was not imposed by law upon grounds of public policy. Rev. St. Ohio 1892, § 3305; Quested v. Newburyport & Amesbury Horse R. Co., 127 Mass. 204; Hukill v. Maysville & B. S. R. Co. (C. C.) 72 Fed. 745, 752–753.

The motion to remand will be overruled.