BREYMANN ET AL. *v.* THE PENNSYLVANIA, OHIO & DETROIT RD. CO.

ROONEY ET AL. *v.* THE PENNSYLVANIA, OHIO & DETROIT RD. CO.

(Decided January 28, 1929.)

*Messrs. Ritter & Brumback,* for plaintiffs in error.

*Messrs. Fraser, Hiett, Wall & Effler,* for defendant in error.

WILLIAMS, J. The above-entitled cases will be considered together. In the case brought by James Rooney and the Providence Washington Insurance Company, as plaintiffs, against the Pennsylvania, Ohio & Detroit Railroad Company, as defendant, a demurrer was sustained to the amended petition, and in the case brought by Eugene Breymann et al., as plaintiffs, against the same defendant, a demurrer was sustained to the petition. In each case a final judgment was entered after sustaining the demurrer, as the plaintiffs did not desire to plead further. These proceedings in error are brought to reverse those judgments.

In the Rooney case the amended petition avers the incorporation of the plaintiff company and the defendant company under the laws of Ohio, and of the Pennsylvania Railroad Company, and further avers that on June 8, 1926, the defendant was. the owner of certain land, a part of which is a right of way beginning at the junction of defendant with the Ann Arbor Railroad at Galena street, Toledo, Ohio, and extending through the city of Toledo, and certain described land adjacent thereto and part thereof; that on said date the Pennsylvania Railroad Company was the lessee of the land described in the amended petition under and by virtue of a lease from the defendant as lessor; that on said date the Pennsylvania Railroad Company was operating a railroad in and through the city of Toledo and along and over said right of way; that on August 5, 1925, the Pennsylvania Railroad Company sublet to Eugene Breymann, John B. Breymann, Charles H. Breymann, Arthur E. Breymann, and Gertrude B. Anderson, as tenants at will, for a term beginning July 15, 1925, certain described premises which are a part of the land hereinbefore referred to, and that from said last-named date the tenancy at will continued; that on June 8, 1926, plaintiff James Rooney was the owner of an undivided one-fourth interest and Eugene Breymann, John B. Breymann, Charles H. Breymann, Arthur E. Breymann, and Gertrude B. Anderson were the owners of an undivided three-fourths interest in a certain dredge described as ''Birkhead,'' which was on said day on the last-described land, said dredge ''Birkhead'' being of the value of $15,000; that about 1 o'clock p. m. on June 8, 1926, a fire originated on the land

above described, which was caused by operating said railroad, or on land adjacent to defendant's land, which was caused by sparks from an engine passing over said railroad; that said fire spread to the said dredge "Birkhead," above described, and completely burned and destroyed the same; that said sparks were, by the carelessness and negligence of the defendant's lessee, the Pennsylvania Railroad Company, emanated from said engine onto the land described; that the negligence of defendant's lessee, the Pennsylvania Railroad Company, was the proximate cause of the burning and destroying of the aforesaid dredge "Birkhead"; and that by reason of the aforesaid, and of the carelessness and negligence of defendant's lessee, plaintiff James Rooney was damaged in the sum of $3,750. The plaintiff further alleged that the plaintiff Providence Washington Insurance Company, on or about July 26, 1926, paid to the plaintiff James Rooney the sum of $2,500, in full satisfaction and discharge of all claims and demands against it under a certain insurance policy, and that in consideration of said payment, the plaintiff James Rooney assigned to plaintiff Providence Washington Insurance Company all his claims and rights of action against the defendant to the extent of $2,500, and by reason thereof is subrogated to said claims and rights of action to the extent of $2,500.

The petition in the other of said causes is substantially in the form of above amended petition, with the exception that it avers that the plaintiffs, at the time in question, were the owners of certain tugs, also on said premises, and sets forth the value thereof.

The question involved in each case turns upon the

construction of Section 8814, General Code, which reads as follows:

"Notwithstanding such lease the corporation of this state lessor therein, shall remain liable as if it operated the road itself, and both the lessor and lessee shall be jointly liable upon all rights of action accruing to any person for negligence or default growing out of the operation and maintenance of such railroad, or in any wise connected therewith, and may be jointly sued in the courts of this state of proper jurisdiction, and prosecuted to final judgment therein as in other cases of joint liability. Service may be had upon such companies, or either of them, by the service of process upon any officer or agent of either of the companies."

It is contended by the defendant in error that the rights of the parties are controlled by the principles announced by Judge Taft in *Hukill* v. *Maysville & B. S. Rd. Co.* (C. C.), 72 F., 745. It was held in that case that where a railway company leases its line without authority of law, a servant of the lessee railroad company cannot recover against the lessor company for injuries sustained through the negligence of the lessee railway company in the operation of the road. The reason given is that the rights of the injured party depend upon contract, and not upon any public duty, and Judge Taft, in the course of the opinion, says: "The only cases where liability in tort is enforced against the lessor company are those where the person injured is a member of the public, with a right to rely upon the discharge of the public duties assumed by the lessor company in the operation of the road."

The defendant in error also cites certain cases based on the same reasoning: *Arrowsmith* v. *Nash-*

*ville & D. Rd. Co.* (C. C.), 57 F., 165; *Williard* v. *Spartanburg, U. & C. Rd. Co.* (C. C.), 124 F., 796; *Axline* v. *Toledo, W. V. & O. Rd. Co.* (C. C.), 138 F., 169; *Empire Trust Co.* v. *Egypt Ry. Co.* (C. C.), 182 F., 100, 107; *McAllister* v. *Chesapeake & O. Ry. Co.* (D. C.), 198 F., 660.

Whether the lessor railroad company is liable for injuries sustained by a servant of the lessee railroad company in the operation of the road is a question upon which the authorities are in hopeless conflict. 33 Cyc., 707. In the annotation found in 28 A. L. R., 140, 155, many authorities are collected. The contention of the defendant in error is that the duty owed to the owners of property here destroyed is different from that owed to the general public, for the reason that the property destroyed was upon land subleased by the lessee railroad company to the plaintiffs in the Breymann case.

In the case of *Axline* v. *Toledo, W. V. & O. Rd. Co., supra,* the court, applying the principle announced in *Hukill* v. *Maysville & B. S. Rd. Co., supra,* held that Section 8814 was declaratory of the common law and that a lessor railroad company was not liable to an injured employee under the statute. Since the decision in that case, the Supreme Court of the United States has held that under the law of North Carolina a lessor railroad company may be liable for injuries sustained by an employee of the lessee railroad company for the negligence of the latter company. *North Carolina Rd. Co.* v. *Zachary,* 232 U. S., 248, 34 S. Ct., 305, 58 L. Ed., 591; *Southern Ry. Co.* v. *Lloyd,* 239 U. S., 496, 36 S. Ct., 210, 60 L. Ed., 402.

For a similar holding under Illinois law, see *Chicago Rys. Co.* v. *Kramer* (C. C. A.), 234 F., 245,

248, 249. These decisions are based upon the principle that the local law, as interpreted by the state court, controls.

The whole question, then, turns upon the interpretation of Section 8814, quoted above. That section may be divided into two parts. First, it provides for the several liability of the lessor railroad company. The language employed in this connection is: "Notwithstanding such lease the corporation of this state lessor therein, shall remain liable as if it operated the road itself." The defendant was an Ohio corporation, and it is averred in the petition and amended petition, in substance, that the railroad right of way, operated by the defendant company, and leased by it from the lessor railroad company, was within the city of Toledo, and it does not appear on the face of the petition that any part of the railroad was without the state of Ohio. Clearly it would not be possible for the General Assembly to use stronger language than that employed, as it makes the lessor railroad company severally liable, as though it operated the railroad itself. The remainder of Section 8814 provides for a joint liability, and with that part we are not concerned in this case.

The language of the statute is plain and free from doubt. It was evidently passed to prevent a railroad company from leasing its railroad to a dummy corporation for operation and maintenance, so as to escape liability in the operation of the road. To hold that the opinion in *Hukill* v. *Railroad, supra,* is a pronouncement of the common-law rule, and that Section 8814 is merely declaratory of the common law, would be to deny the plain purpose and intent of the statutory provision.

In the case of *Powers* v. *Hocking Valley Ry. Co.*, 12 C. C. (N. S.), 230, 21 C. D., 488, the court, interpreting Section 8814 (Section 3305, Revised Statutes), followed the decision of Judge Taft in *Hukill* v. *Railroad, supra.* In both of those cases, however, the action was brought by an injured employee.

We are of the opinion that the duty which the lessee railroad company owed to the plaintiffs below with reference to the property destroyed was not different from that which it owed to any owner of boats which might be moored to a dock on property adjacent to the lessee railroad company's right of way, or to any owner of water craft who might have the property on ground adjacent to such right of way. The duty was the same as that owed to the public generally with reference to personal property which might be destroyed by fire in the operation of the road.

Section 8970, General Code, provides for liability of a railroad company for loss or damage by fire. We have examined this section and do not find anything therein inconsistent with the conclusion reached.

There were other grounds of demurrer, but they are not insisted on in the brief of defendant in error, and are not well founded.

For the reasons given the demurrers were improperly sustained. The judgment in each of said cases is, therefore, reversed, and each cause is remanded to the court of common pleas, with directions to overrule the demurrer and for further proceedings according to law.

*Judgments reversed and causes remanded.*

RICHARDS and LLOYD, JJ., concur.