**BREYMANN et al. v. PENNSYLVANIA, O. & D. R. CO. et al.**

No. 5315.

Circuit Court of Appeals, Sixth Circuit.

Feb. 14, 1930.

210

Ritter & Brumback, of Toledo, Ohio, for appellants.

Fraser, Hiett, Wall & Effler, of Toledo, Ohio, for appellees.

Before MOORMAN and HICKENLOOPER, Circuit Judges, and TAYLOR, District Judge.

HICKENLOOPER, Circuit Judge.

Plaintiffs brought their action in the court of common pleas of Lucas county, Ohio, under sections 8814 and 8970 of the General Code of Ohio, claiming joint liability of defendants for the destruction of certain barges by fire communicated from the railway. The Pennsylvania Railroad Company filed a petition for removal, alleging that The Pennsylvania, Ohio & Detroit Railroad Company, an Ohio corporation, was "improperly joined as a party defendant to this cause fraudulently and solely for the purpose of preventing a removal of the cause from this court to the United States District Court." The cause was removed, and plaintiffs' motion to remand, and a demurrer by The Pennsylvania, Ohio & Detroit Railroad Company, were heard together. The demurrer was sustained and the motion to remand denied. The plaintiffs not desiring to plead further, the petition was dismissed as to said defendant, The Pennsylvania, Ohio & Detroit Railroad Company, and plaintiffs appeal both from said dismissal and from the refusal to remand the cause.

We are of the opinion that the motion to remand traversed the defendant's allegation of fraudulent joinder sufficiently to bar application of the doctrine of Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144, to the effect that, if the plaintiff does not take issue with what is stated in the petition for removal, the defendant need not produce evidence to sustain the allegation of fraudulent joinder, which will then be taken as conceded. Counsel for both parties, and the court, treated decision upon the motion to remand as dependent wholly and solely upon whether the plaintiff's petition stated a cause of action against the local defendant upon ultimate, critical analysis by the court, and without regard to the uncertain and debatable character of the question, or whether the claim of joint liability was asserted upon reasonable and colorable grounds. In limiting consideration to the meritorious question of ultimate liability, without considering the other aspects of the case just mentioned, we think the court fell into error.

In determining removability the case must be deemed to be such as the plaintiff has in good faith made it in his petition. If the record discloses such good-faith assertion of a joint cause of action then such action is not separable and there can be no removal unless the claim of joint liability is obviously frivolous, specious, and unsound. Alabama Great So. Ry. Co. v. Thompson, 200 U. S. 206, 216, 218, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Southern Ry. Co. v. Miller, 217 U. S. 209, 30 S. Ct. 450, 54 L. Ed. 732; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521; Chicago & A. R. Co. v. McWhirt, 243 U. S. 422, 37 S. Ct. 392, 61 L. Ed. 826. As Mr. Justice Holmes has expressed it, the court need not "consider more than whether there was a real intention to get a joint judgment and whether there was a colorable ground for it shown as the record stood when the removal was denied." Chicago, R. I. & Pac. Ry. Co. v. Schwyhart, 227 U. S. 184, 194, 33 S. Ct. 250, 251, 57 L. Ed. 473. So considered, we think the motion to remand should have been granted and the demurrer left for the decision of the state court.

Section 8814 of the General Code of Ohio provides that notwithstanding the lease of a railroad to an operating company, the lessor "shall remain liable as if it operated the road itself, and both the lessor and lessee shall be jointly liable upon all rights of action accruing to any person for negligence or default growing out of the operation and maintenance of such railroad, or in any wise connected therewith, and may be jointly sued in the courts of this state. * * *" Section 8970 creates a liability, imposed upon every company operating a railroad, for all loss or damage by fires originating upon the land belonging to it "caused by operating such road," or originating on lands adjacent to its land "caused in whole or part by sparks from an engine passing over such railroad." The statutory liability of section 8970 is thus

one founded upon and "growing out of the operation and maintenance" of the railroad, as provided in section 8814. It is this statutory liability which the plaintiffs assert against both defendants jointly as there provided, and the sole question for determination is whether such claim is made in good faith and presents an arguable and open justiciable question, or whether it is so clearly unsound and refuted by precedent, and so frivolous and specious by reason of the limitation in section 8814 to rights of action "for negligence or default," as to present no substantial question for decision. At the time of the passage of these statutory enactments the operation of railroads was regarded as fraught with peril to crops and structures upon adjoining lands. The sparks emitted from the smokestack of the engine was regarded as an ever-present danger which justified the requirement that such sparks and the resulting fires be so confined as to avoid injury to adjacent property, at the absolute risk of the railway. Baltimore & O. Ry. Co. v. Kreager, 61 Ohio St. 312, 56 N. E. 203. Considering this basis for the creation of an absolute statutory liability, we are of the opinion that these statutes at least present a substantial and debatable, even though possibly a still doubtful, question whether it is not an instance of "negligence or default" to permit the escape of fire to adjoining property, for which the lessor company is made jointly liable.

No federal authorities upon the precise question are cited to the court. In the case of Hukill v. Maysville & B. S. R. Co., 72 F. 745, it was held by Circuit Judges Taft and Lurton (later Mr. Chief Justice Taft and Mr. Justice Lurton), in a case in the Circuit Court for Kentucky, that the common-law liability of the lessor railway arose only upon a failure to discharge obligations of public duty, and did not apply to cases founded upon the particular relationship of master and servant. In Axline v. Toledo, W. V. & O. R. Co. (C. C.) 138 F. 169, District Judge Thompson, sitting as Circuit Judge for the Southern District of Ohio, followed the Hukill Case and held that the Ohio statute did not make the lessor liable to a servant of the lessee injured through the lessee's failure to perform its duties as master. See also: Powers v. Hocking Valley Ry. Co., 12 Ohio Cir. Ct. (N. S.) 230. In McAllister v. Chesapeake & O. Ry. Co., 198 F. 660, it was held by Judge Cochran for the District Court of the Eastern District of Kentucky, also following the Hukill Case, that the les-

sor railway was liable only for omissions of duty owing to the public generally and thus was not liable, under the law of Kentucky, for the lessee's negligent injury to a trespasser. These decisions are the most pertinent of those cited by the appellee but are not controlling upon the present issue. Here the duty of preventing escape of fire from locomotives is a public duty and is independent of any particular relationship, by contract or otherwise, as between the railway company and the injured party. This liability is an operating one and is founded upon the inherent dangers incident to operation. It is created by the general law, is in consideration of the grant of extraordinary powers in location and operation of the road, and would seem to apply to any company under whose charter the road is in fact operated. We are unable to say that either the limitation of section 8814, to rights of action for negligence or default growing out of operation, or that of section 8970, to fires communicated to land adjacent the right of way, shows that the plaintiff has not in fact a joint cause of action against the defendant "and has no reasonable ground for supposing that he has," and that the claim of joint liability could not therefore have been asserted in good faith—the test applied by Judge Taft in Hukill v. Ry. Co., supra, page 750 of 72 F.

The Supreme Court of Ohio has not construed the statutes involved, or determined the scope to be given to the critical provision of section 8814. So far as we know, the precise question of the statutory liability of the lessor railway for fires started by the lessee's operation has been decided only in two cases in Ohio, which were carried to the Court of Appeals of Lucas county, and there heard together. Breymann v. Pennsylvania, O. & D. R. Co., 30 Ohio App. 491, 165 N. E. 863. The lessor was held liable, the judgment of dismissal upon demurrer was set aside and the case is still pending in the common pleas court. This, then, is the present prevailing construction by the state courts of these statutes and, without regard to the binding effect of that construction upon the federal courts, there being but a single decision, by an intermediate court, involving the same fire and cause of action with which we are here concerned, the opinion there at least establishes the substantial quality of the question presented. Similar decisions in other states, holding the lessor liable under closely analogous statutes, include: Ingersoll v. Stockbridge & P. Rd. Co., 8 Allen (Mass.) 438; Davis v. Providence & W. Rd. Co., 121 Mass.

134; Bean v. A. & St. L. R. Co., 63 Me. 293; Balsley v. St. Louis, A. & T. H. Rd. Co., 119 Ill. 68, 8 N. E. 859, 59 Am. Rep. 784; Cf. Salley Oil Mill v. So. Ry., 108 S. C. 131, 93 S. E. 336.

Having come to the above conclusions, it is unnecessary to determine the meritorious question as to ultimate liability of The Pennsylvania, Ohio & Detroit R. Co. upon final hearing. Alabama Great So. Ry. v. Thompson, supra; Chicago, B. & Q. Ry. Co. v. Willard, supra. It is sufficient that a bona fide claim of joint liability, presenting a justiciable question of substance, was made by the petition and it necessarily follows that the court erred in denying the motion to remand. We are the more persuaded to the above conclusion by the fact that the final determination of the cause may perhaps be expedited by the granting of the motion to remand. No error can be predicated upon such action of the court (28 U. S. C. § 71 [28 USCA § 71]), while, if jurisdiction be retained, error may be prosecuted upon the failure to remand and a final judgment may be reversed on this account. All doubt should therefore be resolved in favor of remand. See Lewis on Removal of Causes, § 292, and the opinion of Mr. Justice Sanford, then District Judge, in Western Union Telegraph Co. v. Louisville & N. R. Co. (D. C.) 201 F. 932.

We do not overlook the contention that the property occupied by the plaintiffs was held by them as lessees of The Pennsylvania Railroad Company, that this created a particular contract relationship between the plaintiffs and that company, bringing the present case into analogy with the Hukill and McAllister Cases, supra, and that this lease contained an agreement to indemnify the railway for all damages arising in any manner "through the exercise of any right granted or conferred" thereby. The terms of the lease between the plaintiffs and The Pennsylvania Railroad Company appear nowhere in the present record, being only referred to by the court in his memorandum opinion. The fact of the existence of the lease is alleged in the plaintiffs' amended petition but no claim is predicated upon a breach of duty of lessor to lessee. The fact of the lease is pertinent only as showing that plaintiffs were rightfully in possession of the premises, the nature of their tenancy, and that they were not to be classified as trespassers, or as otherwise beyond the effect of the statutes here involved. Nor does the liability arise through the exercise of any right conferred by the lease. The contention is without merit.

The judgment of the District Court is reversed and the cause remanded for further proceedings.