COOK, J., dissenting in part.
This action was brought by the plaintiff to recover damages for personal injuries sustained by him while in the service of the Southern Railway Company, the lessee of the defendant, the Atlanta and Charlotte Air Line Railway Company. The defendant, after pleading contributory negligence on the part of the plaintiff, for a further (456) answer and defense denied its liability on the ground that it had leased the property to the Southern Railway Company and was not responsible for the tortious acts of its lessee. The language of that part of the answer was in these words: "12. And for a further answer and defense to said action the defendant says that having leased and conveyed its railroad with all its property, rights and franchises to the lessee, the Southern Railway Company, as alleged in the plaintiff's complaint, this defendant at the time of the injury to plaintiff had no control nor power over the said railroad nor over the management or operation of the same. It had deprived itself of its property, rights and franchises with the consent of the State, which had conferred upon it in its charter the right to convey and lease its railroad and all its property, rights and franchises granted in its charter except the franchises to be and exist as a corporation; that in view of the foregoing, as it is advised, it cannot be held and is not liable in law for the result of any conduct or *Page 328 
alleged misconduct of its lessee, the Southern Railway Company, towards the plaintiff in its operation of the said railroad. Defendant further says that it is advised that to hold it liable in this action and to take from it its property in satisfaction of any judgment which may be recovered in the same will be to deprive it of its property without due process of law, and in violation of the Fourteenth Amendment to the Constitution of the United States."
At the close of the evidence "The defendant moved for a nonsuit upon the ground, as it appeared from the evidence, that this action was prosecuted against the defendant, the Atlanta and Charlotte Railway Company, the lessor, for the tort committed by the Southern Railway Company, its lessee, in the (457) operation of its trains over the leased road." The motion was overruled, a judgment in favor of the plaintiff upon the verdict was rendered, and the defendant appealed.
Each and all of the exceptions, with the exception of the one to the overruling of the motion for nonsuit, were abandoned by the counsel of the defendant in this Court.
The plaintiff contends that the court properly overruled the motion for nonsuit for the reason that the defendant did not make the motion at the proper time, that is, when the plaintiff had concluded his evidence, and that when it was made it was after the defendant had introduced its evidence on the execution of the lease, which was not permissible, a defendant not being allowed to move to dismiss upon testimony introduced by himself. The contention is based on the provision of Laws 1897, ch. 109, as amended by Laws 1899, ch. 131. The amendment of 1899 has been repealed by the subsequent amendment of 1901, chapter 594, which latter amendment is substituted for the former one, but for the purposes of this discussion that is immaterial.
The purpose of the motion was not to procure a ruling by the court upon the right of the defendant to lease its road to the Southern Railway Company, for that had been admitted in the answer, but to have a ruling that the whole evidence showed that the plaintiff was injured while in the service of the lessee, and that it was not legally sufficient to establish the plaintiff's claim as against the defendant. If the defendant had proceeded under the statutory provisions above referred to there could be no doubt that the question would have been properly raised. But was the defendant confined to the procedure marked out in those statutes? The motion was substantially "a demurrer to the evidence," and that practice is recognized in many of the States, and always has been with us. The purpose of the practice *Page 329 
is to present to the court, instead of submitting the evidence to the jury, such facts as were shown, and as the evidence tended to prove, for the judgment of the court as to their (458) sufficiency in law to establish the plaintiff's claim against the defendant. If the burden to make out the case is on the defendant the plaintiff might demur to the evidence. The usual practice in this State before the enactment of the statutes above referred to was to proceed as is now provided for, except that now it is discretionary with the defendant whether he will introduce evidence after the motion to dismiss or not, while before these acts that matter was discretionary with the court. But what can be the objection to moving, for the first time, when all the evidence is in, notwithstanding the Act of 1897, ch. 109, as the proper method of demurring to the evidence? Of course the evidence of the demurrant could not be considered. In the case before us there was no evidence offered by the demurrant except on the matter of contributory negligence of the plaintiff. The fact that the Southern Railway Company was operating the train was admitted in the answer and exemption pleaded on that account for the defendant. We will consider the motion as a demurrer to the evidence, though not very clearly expressed and only made at the conclusion of all the evidence, the demurrant's evidence not bearing on the matter embraced in the motion.
But his Honor was correct in his refusing to sustain the demurrer. We will not attempt to add anything further to what has been said by this Court on the responsibility of railroad companies who are lessors for the negligent acts of their lessees. They are both liable. In Logan v. R. R.,116 N.C. 940, the matter was thoroughly discussed and decided, and the opinion has been affirmed in numerous cases since. Tillett v. R. R.,118 N.C. 1031; Benton v. R. R., 122 N.C. 1007; Perry v. R. R.,128 N.C. 471; Harden v. R. R., 129 N.C. 354; 55 L.R.A., 784; 85 Am. St., 747.
No error.