Chicago and Grand Trunk Railway Company *et al.*
*v.*
Henry Hart.

*Opinion filed April 20, 1904.*

1. Railroads—*the statutory permission to lease road does not relieve lessor of its charter obligations.* Statutory authority for leasing a railroad does not relieve the lessor company from the obligations cast upon it by its charter unless the statute expressly so provides.

2. Same—*duties of lessor railroad company.* Public policy, as well as the doctrine of agency, requires that a railroad company leasing its road shall see that the lessee company provides and maintains safe engines and cars and employs competent servants.

3. Same—*lessor company is liable to employee of lessee for the latter's negligence.* A lessor railroad company is liable for the negligence of the lessee company in the operation of the road, not only to the public, but to employees of the lessee company injured by the sole actionable negligence of the latter.

Scott, Cartwright and Ricks, JJ., dissenting.

*Chicago and Grand Trunk Ry. Co.* v. *Hart,* 104 Ill. App. 57, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Jonas Hutchinson, Judge, presiding.

Kenesaw M. Landis, for appellants.

James C. McShane, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

The judgment entered in the superior court of Cook county in favor of the appellee, and against the appellant companies, in the sum of $6000, was affirmed in the

Appellate Court for the First District on appeal, and it is now before us on a further appeal.

The action was in case to recover the damages for personal injuries sustained by the appellee by the negligence, as he alleged, of the appellant companies in permitting a switch engine to become and remain in an unsafe and defective condition, one of the journals of the said engine having become worn and weakened, and by reason thereof broke and gave way and caused the said engine to be derailed, whereby the appellee was injured.

On the 22d day of December, 1880, the appellant the Chicago and Grand Trunk Railway Company, an Illinois corporation, (hereinafter for convenience called the lessee company,) and the appellant the Grand Trunk Junction Railway Company, also an Illinois corporation, (hereinafter called the lessor company,) entered into an agreement whereby the Junction company agreed, among other things, to construct a line of railroad and to lease the same to the Grand Trunk company for a stipulated annual rental, and did construct such line of railroad and leased the same to the Grand Trunk company. It appeared from the agreement that the lessor company, by its charter, had power to construct and operate the contemplated and leased line of railroad. On the 19th day of June, 1899, the Grand Trunk company, as such lessee, was operating trains of cars over said line of road. The appellee was in its employ as a switchman, and was injured while in the discharge of his duty in that capacity by reason of the breaking of a worn and defective axle or journal of a switch engine, and the judgment herein was rendered in an action against both the lessor and the lessee companies to recover damages for such injuries. Judgment was awarded him against both companies, and such judgment was affirmed, as aforesaid, in said Appellate Court.

Counsel for the appellant companies presents but a single question for decision, and that is, whether, as the

cause of action is based solely upon the alleged negligence of the lessee company, any liability is established against the lessor company.

It is conceded by appellants that under the law of this State the lessor and lessee of a railway track are jointly and severally liable to the general public for all damages resulting from the negligent acts of the lessee while operating engines and cars on that track, but it is contended that this rule does not apply to an employee of the lessee whose cause of action results solely from the negligence of his employer,—and this presents the only question for our determination.

There is a conflict in adjudicated cases on the question whether a lessor railroad company is liable to a servant of the lessee company for injuries occasioned by the negligence of the lessee company in the operation of the leased road. Mr. Elliott, in his work on Railroads, (vol. 2, p. 610,) says that he inclines to the opinion that the lessor company is not so liable where the injuries to the servant of the lessee company are caused solely by the negligence of the lessee company in operating the road, but this author says that the weight of authority is against the view that he is inclined to adopt. We think this court is committed to the view held by the current of authorities on the question, and, moreover, that, in sound reason and as the better public policy, the doctrine should be maintained that the lessor company shall be required to answer for the consequences of the negligence of the lessee company in the operation of the road, not only to the public, but also to servants of the lessee company who have been injured by actionable negligence of the lessee company.

The charter of the lessor company empowered it to construct this line of railroad and operate trains thereon. It became its duty to exercise those chartered powers, otherwise they would become lost by non-user. The statute authorized it to discharge that duty through a

lessee, and it adopted that means of performing the duty which the State had created it to perform. The statute which authorized it to operate its road by means of a lessee did not, however, purport to relieve it of the obligation to serve the public by operating the road, nor of any of the consequences or liabilities which would attach to it if it operated the road itself. (3 Starr & Cur. Stat. 1896, p. 3247.) Statutory permission to lease its road does not relieve a railroad company from the obligations cast upon it by its charter unless such statute expressly exempts the lessor company therefrom. (*Balsley* v. *St. Louis, Alton and Terre Haute Railroad Co.* 119 Ill. 68.) While the duty which rests upon the lessor companies to operate their roads is an obligation which they owe to the public, the permission given by the legislature, as the representative of the public, to perform that duty through lessees has no effect to absolve such companies from the duty of seeing that the lessee company provides and maintains safe engines and cars, and that the employees of the lessee companies to whom is entrusted the operation of their roads are competent and that they perform the duties devolving upon them with ordinary care and skill, for upon the character and condition of safety of such engines and cars and on the competency and care of such employees depend the lives and property of the general public. As a matter of public policy such lessor companies are to be charged with the duty of seeing that the operation of the road is committed to competent and careful hands. The General Assembly of this State, though willing to permit railroad companies to operate their lines of road by lessees, refrained from relieving the lessor companies from any of their obligations, duties or liabilities. Therefore it is that though a railroad company may, by lease or otherwise, entrust the execution of its chartered powers and duties to a lessee company, this court has expressed the view the lessee company, while engaged in exercising

such chartered privileges or chartered powers of the railroad company, is to be regarded as the servant or agent of the lessor company.

In *West* v. *St. Louis, Vandalia and Terre Haute Railroad Co.* 63 Ill. 545, appellee railroad company had contracted with the firm of McKeen, Smith & Co., to construct its road and the appurtenances thereto. The superintendent of the firm employed the appellant, West, as a workman to assist in building a freight house for the railroad company.. The timbers used in the construction of the freight house were treated with a liquid in which corrosive sublimate was an ingredient, to prevent decay. West was injured by breathing the fumes of this liquid and by handling the timbers to which the liquid had been applied. He brought an action against the railroad company to recover damages for the injury, but was defeated in the trial court on the ground that the contractors alone were liable. The appellant contended that the work in which he was injured was being done for the benefit of the railroad company and by its authority, and "that the contractors must be considered its servants, for whose wrongful acts in the performance of their work the company must be held responsible." In support of that contention counsel for appellant cited a number of cases decided in this court. We said as to such cited cases (p. 546): "There is a radical distinction between each of these cases and that at bar. These were all cases in which redress was sought against a chartered company for wrongs done by persons while in the performance of acts which they would have had no right to perform except under the charter of the company. The court laid down the salutary rule that, as to such acts, the company could not escape corporate liability by having the acts performed or the work done by contractors or lessees. These persons must be regarded, in such cases, as the servants of the company, acting under its directions, and the company must see that the special privileges

and powers given to it by its charter are not abused."
And after making reference to the facts in such cases de-
duced the following principles therefrom: "But between
all these cases and the one at bar there is a radical dif-
ference. In these, the wrong for which the action was
brought was committed in the performance of acts which
were performed by virtue of the authority of the com-
pany derived from its charter, and could have been per-
formed in no other way. In such cases the public has
the right to hold the company responsible because it is
really the company that is acting. The personal actors
may, as between themselves and the company, be lessees
or contractors, and the company may have its action
against them for indemnity, according to the terms of
its private contract, but they are, as to the public, the
servants or agents of the company so long as they are
doing what they could not do except by the chartered
authority of the company. * * * The principle we
consider to be substantially this: The company may be
held liable when the person doing the wrongful act is
the servant of the company and acting under its direc-
tions, and though such person is not a servant as be-
tween himself and the company, but merely a contractor
or lessee, still he must be regarded as a servant or agent
when he is exercising some chartered privilege or power
of the company, with its assent, which he could not have
exercised independently of such charter. In other words,
a company seeking and accepting a special charter must
take the responsibility of seeing that no wrong is done
through its chartered powers by persons to whom it has
permitted their exercise."

While the liability enunciated by the declaration of
the court is left to rest upon the ground that the injury
was inflicted while in the performance of acts which
could only be performed under the charter of the com-
pany, and therefore to be regarded as having been per-
formed by servants or agents of the company, whether

independent contractors or lessees, we had occasion in the later case of *Balsley* v. *St. Louis, Alton and Terre Haute Railroad Co. supra,* to consider what had been said in the former case of *West* v. *St. Louis, Vandalia and Terre Haute Railroad Co. supra,* and we then said (p. 71): "The reason for holding a railroad company responsible for the performance of all the duties and obligations imposed upon it by its charter or the general law of the State while it is being operated by a lessee, does not, we conceive, rest upon the narrow ground, alone, of the latter being in the exercise of a franchise which belongs to the former, and in so acting is to be held as the servant or agent of the lessor corporation. In consideration of the grant of its charter the corporation undertakes for the performance of duties and obligations toward the public, and there is a matter of public policy concerned that it should not be relieved from the performance of its obligations without the consent of the legislature."

A railroad company is granted a charter for the purpose of enabling it to perform duties for the benefit of the public. Such a company does not take, as one of its general powers, the right to substitute another to discharge those duties as its lessee. (23 Am. & Eng. Ency. of Law,—2d ed.—776; 2 Elliott on Railroads, secs. 429, 430.) In the absence of statutory authority to execute a lease any attempt to do so is *ultra vires,* and the acts of the lessee in the operation of the road under such a void lease are, in legal contemplation, the acts of an agent of the railroad company. (23 Am. & Eng. Ency. of Law,—2d ed.—777, 778.) A lease, though authorized by an act of the legislature, does not operate to relieve the lessor company of any duty or liability imposed by its charter unless the enabling statute contains an exemption therefrom. (*Balsley* v. *St. Louis, Alton and Terre Haute Railroad Co. supra;* 23 Am. & Eng. Ency. of Law,—2d ed.—784; 2 Elliott on Railroads, secs. 429, 430.) Therefore it is that in the discharge of an act the performance of which de-

volved upon the lessor company as a chartered power or duty, the lessee, under our statute authorizing a railroad company to perform its chartered powers through the medium of a lessee, is but the agent or servant of the lessor company, to the same extent as if the lease had been executed in the absence of statutory authority.

In the absence of a statutory exemption from liability for the negligence of the lessee company, the obligation to respond for such negligence is also to be maintained upon grounds of public policy. The fact the contract relation is between the employee and the lessee company, and was voluntarily entered into by the employee with the lessor company alone, cannot be allowed to control. The public are interested in the safe and efficient transportation of passengers and property over the line of road the lessor herein was given power to construct and operate. Competent and careful servants, well constructed engines and cars, which are properly inspected and kept in good and safe condition of repair, are essential to the speedy and safe transportation of passengers and property. That such engines and cars to be used in the operation of the railroad shall be provided and kept in good repair is a chartered duty, compliance wherewith is of the greatest concern to the general public. No more effective means of compelling performance of that duty can well be conceived than to hold the lessor company responsible to all the world for the actionable negligence of the lessee company. The negligence of the lessee company here complained of is, that it failed to keep its locomotive engine in safe and usable condition, and that negligence endangered not only those in the employ of the lessee company, but also the general public, and considerations of public policy are involved and must control in determining the liability of the lessor company. The obligation to provide cars and engines that are reasonably safe and servants that are reasonably competent and skillful, which was cast upon the lessor company by

the grant to it of its corporate powers, is not shifted to one with whom it has contracted to operate its road as lessee, but remains to be discharged by the lessor company to all the public, and to relieve it of that duty as to its employees would invite negligence from which injury to the public would likely occur. The lessee's employees are a part of the general public, and the lessor company is liable to them for the actionable negligence of the lessee company to the same extent as if such workmen were in the employ of the lessor company. The liability rests not only on the ground the lessee company, in discharging the corporate powers and duties of the lessor company, is but the agent or servant as to all others than the lessor company, but also on the ground that sound public policy demands that all corporations which the State has created and given special privileges and powers shall stand charged with the obligations and duty to see that such privileges and powers are properly exercised and discharged, unless relieved by express authority of the law-making department of the State.

The judgment must be and is affirmed.

*Judgment affirmed.*

Scott, Cartwright and Ricks, JJ., dissenting:

The question whether a railroad company owning a right of way, road-bed and track lawfully leased to another company is liable for damages to a servant of the lessee, injured solely by the negligence of his employer, is one which has not been before presented to this court. The general statements quoted in the opinion of the majority from earlier decisions in this State dealing with the relations of the lessor company to the public and to persons other than servants of the lessee must be limited by the facts appearing in those cases, and should not, therefore, be deemed of controlling importance here.

Authorities in other States are not entirely unanimous. The question was first presented to the Supreme

Court of North Carolina in the case of *Logan* v. *N. C. R. R. Co.* 116 N. C. 940, where it was said: "A part of the original duty imposed by the charter was to compensate servants in damages for any injury they might sustain, except such as should be due to the negligence of their fellow-servants. The employee is deemed, in law, to contract, ordinarily, to incur such risks as arise from the carelessness of the other servants of the company; but where the lessor company would be liable, if it had remained in charge of the road, to a person acting as its own servant, we see no reason why it should not be answerable to him when employed by the lessee." This rule has been steadily adhered to by the North Carolina court, and has been re-affirmed in *Hardin* v. *N. C. R. R. Co.* 129 N. C. 254, *James* v. *Western N. C. R. R. Co.* 121 id. 523, *Smith* v. *Atlanta & C. R. R. Co.* (N. C.) 42 S. E. Rep. 139, and *Brown* v. *Atlanta & C. Air Line Ry. Co.* (N. C.) 42 S. E. Rep. 911. The only other case to which we have been referred announcing the same doctrine is the case of *Macon and Augusta Railroad Co.* v. *Mayes*, 49 Ga. 355. That case, however, has been criticised and weakened by the Supreme Court of that State in later cases, and finally, in the case of *Banks* v. *Georgia R. R. & B. Co.* 112 Ga. 655, the liability of the lessor company to the employee of the lessee for an injury caused by the negligence of the lessee is denied where the lease is made under legislative authority, although the statute authorizing the lease was without a provision exempting the lessor for the lessee's negligence, and in discussing the *Mayes case* it was said: "In that case the company owning the road was held liable for a tort to an employee of the company using the franchise, occasioned by the negligence of his co-employee, but there was no legislative authority for the latter company to use the franchise; indeed, there was no lease at all. And therein lies the marked distinction between that case and the one in hand." In the *Banks case* the earlier decisions of the court are reviewed and discussed,

and the conclusion reached denies the liability of the lessor. In the case at bar it is conceded that the lessor company had lawful right and authority to make the lease of its tracks to the lessee company, so that the case cited from 112 Ga. seems to be fairly in point.

An able discussion of this question is found in *E. L. & R. R. R. Co.* v. *Culberson,* 72 Tex. 375, where it is said, discussing the general rule of the liability of the lessor: "The reason for the rule is the protection of the public who need the protection. The passenger and the shipper of goods have no option, but must avail themselves of the services of the lessees, whether the lease is authorized or not. The law will not permit the owner of the road to shirk its duty to them by turning over its road to another company, nor will it permit it to deny its liability where it has allowed such other company, without authority of law, negligently to injure wayfarers over the track or property along the line. There is no privity between the persons injured, in such case, and the operating company. It is not so with an employee who voluntarily enters the service of the latter company with a knowledge of the facts and participates knowingly in the wrong, if wrong it be. Where, in similar cases, a recovery has been permitted against a lessor, it has usually been allowed upon various considerations of public policy: First, because the franchises granted are in the nature of a personal trust, and sound policy demands, so far as the general public is concerned, that the corporation receiving the grant should be held responsible for the proper execution of the powers granted; and second, for the reason that to deny the responsibility of the lessor would enable a railroad to shirk its responsibility and to injure the public by placing its property under the control of irresponsible parties; and third, because a person who has received an injury at the hands of the operating company, and was ignorant of the relations between that company and the owner of the road,

might be at a loss to determine against which to bring his action and thereby placed at a disadvantage in seeking a redress of his wrongs. None of these reasons apply in the case of the servant of a lessee who is injured through the neglect of his employer. He needs no protection as one of the general public, because he can enter the service or not, as he chooses. He is under no compulsion to take employment from an irresponsible company, and he certainly knows whom to sue for a wrong inflicted through his employer's neglect, for the latter is certainly liable to him in such a case. The reason of the rule which holds the lessor liable fails in case of an employee of the lessee, and we think that to follow it in a case like this would be to give it an arbitrary, and not a reasonable, application." The same view of the matter is taken in Indiana, Kentucky, Virginia, California, Georgia, and the Federal courts. *B. & O. & C. R. R. Co.* v. *Paul*, 143 Ind. 23; *Swice* v. *M. & B. S. R. Co.* (Ky. decided June 20, 1903,) 75 S. W. Rep. 278; *V. M. Ry. Co.* v. *Washington*, 86 Va. 629; *Lee* v. *S. P. R. R. Co.* 116 Cal. 97; *Banks* v. *G. R. & B. Co.* 112 Ga. 655; *Hukill* v. *M. & B. S. R. Co.* 72 Fed. Rep. 745.

The editors of the American State Reports state their conclusion thus: As to employees of a lessee corporation, the weight of authority, whether the lease is authorized or not, is to the effect that they cannot recover from the lessor for injuries received through the negligence of such lessee or its servants or agents. (58 Am. St. Rep. 155.) In the American and English Encyclopedia of Law, (vol. 23,—2d ed.—p. 785,) after setting out the rule in reference to the liability of the lessor company to the public as it exists in this State, it is said: "The rule of liability which has just been stated does not apply to the lessee's servants who may be injured by the lessee's negligence."

As the view of the majority has been rejected by every one of the numerous courts in the Union to which it has

been presented, except North Carolina, and after having been once adopted by the Supreme Court of Georgia has been there discredited and the case announcing it overruled, we think the language quoted by Mr. Justice Boggs from Elliott on Railroads, to the effect that the weight of authority supports that view, incorrect. The researches of court and counsel in the case at bar certainly do not warrant the conclusion of that author, but, on the contrary, show that every court, save one, has reached the opposite conclusion.

This court has frequently spoken of the lessee company as the agent or servant of the lessor, in discussing the relations of the latter with persons other than the employees of the former, and in a general sense this is a correct view to take of the situation. The lessor, by accepting its charter, assumes the duties of a common carrier, and when by the lease it causes another to assume those duties it becomes liable to the public for their performance in a lawful manner, and the lessee is its agent and servant for the purpose of meeting its obligations in this respect, so far as the public is concerned; but the lessee cannot be said to be the agent or servant of the lessor with respect to a contract with the employee of the former who enters his master's service moved solely by the inducements contained in the contract itself, and not because he finds that employer operating its trains over the lines of a road which he is by the necessities of business or travel impelled to use.

The lessee's position is different from that of one who, under a contract with the owning company, is engaged in work which can be carried on only under the charter of the latter. The contractor, in laying the track, is engaged in doing a work which he is specifically directed and required to do by the terms of his contract. The lessee of the track, in operating trains over the same, is enjoying a privilege accorded by the charter to the lessor, but it is not required by the contract, so far as the lessor

is concerned, to operate any particular train or do any specific work. The contractor is much nearer to the owning corporation than is the lessee. The contractor is, under the immediate direction and control of the owner, bound to do specific work as required by the contract with the owner, while, so far as any specific work is concerned,—the running of any particular train or the using of any particular engine,—the lessee exercises its own option.

On the principal question, that of the liability of the lessor, the reasoning of the court of last resort of Texas seems unanswerable. As there suggested, the land owner whose real estate adjoins the right of way; the traveler who uses the highway crossing the railroad track; the shipper of freight who must have his goods carried over the leased line; the passenger who finds it necessary to travel over the same line of road, are all brought into such relations as they occupy with the company operating the trains, without their consent. So far as they are concerned the lessor has obtained from the State a charter to operate the trains, and then, without the consent of these persons, has substituted another in its stead to perform the duties and meet the obligations which it assumed by accepting its charter. The public had no voice in making the contract of substitution. They are compelled to deal with the lessee whether they will or not, and an enlightened public policy has therefore made the lessor company liable for all the wrongs visited by the lessee upon the public, which has been compelled to deal with an agency selected by the lessor alone.

The employee of the lessee is in a different category. The making of the lease has not compelled him to enter the employ of the lessee. His relations with the latter result from the contract which he has voluntarily made with it, and not from the fact that his relations with it have been forced upon him by the acts of the lessor company, as is the case with the general public. His rights,

as such employee, result wholly from the contract of employment which he voluntarily made, and which he was not obliged, by circumstances resulting from the act of the lessor company, to enter into.

The reasoning of the majority opinion, based upon the consideration of public policy, seems to us entirely untenable. The argument is, that because the public interest requires that the safest appliances should be used by the lessee company, the lessor company should be held liable for injuries resulting to the servants of the lessee from the negligence of the latter, that the lessor may thereby be induced to require the lessee to provide such appliances. The same reasoning leads to the conclusion that the lessor company should be liable for the wages of the employee, that the most efficient and faithful may be hired; that it should be liable to the builder, that cars and locomotives of the highest grade may be secured. But it has not yet occurred to the creditor of an insolvent lessee seeking a debtor who can pay, to assert any such claim against a lessor company. It is only for the proper exercise of powers conferred by charter, and which can be exercised only under and by virtue of the charter, that the lessor is responsible. Hiring a switchman or purchasing or repairing a locomotive requires the exercise of no such powers. Such things may be done by anyone.

We therefore conclude that a railroad company owning a railroad track which, by a lawful contract, it leases to another, is not liable for damages resulting to the employee of the lessee from the negligence of the lessee alone.

On reason we deem the judgment of the court below wrong, and the great current of authority, as shown by references herein above contained, certainly requires its reversal.