### CURTIS v. CLEVELAND, C., C. & ST. L. RY. CO. et al.

(Circuit Court, E. D. Illinois.   October 20, 1905.)

1. RAILROADS—LIABILITY OF LESSOR FOR NEGLIGENCE OF LESSEE.

> The mere leasing by one railroad company to another of its right of way, track, turnouts, and stations does not ipso facto create a liability on the part of the lessor for negligence of the lessee in its own exclusive use of operating appliances on such track and right of way.
>
> [Ed. Note.—For cases in point; see vol. 41, Cent. Dig. Railroads, §§ 802–804.]

2. REMOVAL OF CAUSES—JOINT OR SEVERABLE ACTION.

> The declaration, in an action in a state court by an employé of a railroad company which is a citizen of another state, operating a railroad under a lease from a local company, against both lessor and lessee, to recover for personal injuries alleged to have resulted solely from the negligence of the lessee in operating a train with improper and defective equipment, does not state a joint cause of action against the defendants, but a single cause of action against the lessee alone, and the action is removable by such defendant.

3. COURTS—UNITED STATES COURTS—FOLLOWING STATE DECISIONS.

> The question whether a lessor railroad company is liable for the negligence of its lessee in the operation of trains on its road, in the absence of any state statute on the subject, is one of general law, as to which a federal court is not bound by the decisions of the highest court of the state in determining whether or not a cause is removable from a court of the state, but is governed by the rule established by federal decisions.
>
> [Ed. Note.—State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

On Motion to Remand to State Court.

Dundas & O'Hair, for plaintiff.

George F. McNulty, for defendants.

WRIGHT, District Judge.   This is an action on the case by the plaintiff against the defendants for personal injuries, while employed as a

brakeman, in consequence of the alleged negligence of the defendants. The action was commenced in the state court. The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, being a corporation organized in a different state from the one in which the suit was begun, applied to the state court for a removal of the cause to this court on the ground of a separable cause of action from its codefendant, a local corporation. The state court ordered the removal to this court, and upon the filing of the transcript of the record herein the plaintiff moved this court to remand the cause to the state court, and in support of this motion it has been argued that the cause of action is joint as to both defendants, and not severable.

The declaration avers that plaintiff, at the time of his injury, was in the employ of both defendants. The negligence charged consists wholly in inefficient operation of the train in consequence of improper equipment, but the motion to remand the cause has been submitted for decision upon a stipulation as to the facts wherein it is recited, in effect, that plaintiff was injured on the track and right of way owned by the local corporation, which latter had leased said right of way and appurtenances to the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and before and at the time of the injury to the plaintiff the railroad was exclusively operated by the lessee, which was in control and employed all employés, trainmen, engineers, brakemen, and switchmen who operated the railroad or any part thereof; that at the time of his injury the plaintiff had been employed by, and was in the employ of, the lessee company, was paid by it, and had signed an application to be employed by it, and was not in the employ of the lessor company, unless the court decides, as a matter of law, that employment by the lessee operated as an employment by the lessor also; that the engine, cars, and equipment of the train, including the air brakes, were owned, operated, and controlled exclusively by the lessee, whose duty it was to keep the same in repair, and the lessor company had no control, unless this court decides that its ownership of the track and right of way by operation of law conferred such control upon it. It does not appear that it is claimed or charged that the track or right of way was in fault in contributing to the plaintiff's injury, and it is conceded the lease between the two corporations was duly authorized by the laws of Illinois. No stipulation contained in the case is shown by which the lessor company assumed liability for the negligence of the lessee, nor does it appear there is any requirement of that nature in the statutes of the state by which the leasing is authorized.

The question for decision, therefore, is whether the mere leasing of the right of way, track, turnouts, and stations to be used and operated exclusively by another ipso facto reserves or creates a liability against the lessor for the negligence of the lessee in its own exclusive use of operating appliances owned and controlled by it upon the track and right of way possessed and used under the terms of the lease. The Supreme Court of Illinois has decided (Railway Co. v. Hart, 209 Ill. 414, 70 N. E. 654, 66 L. R. A. 75) that both lessor and lessee companies are liable for such negligence, and that a joint action may be maintained against them for damages. The weight of federal decisions establish

the contrary rule. Yeates v. I. C. R. R. Co. (C. C.) 137 Fed. 943, and cases cited. It is argued, however, in the present case that, because the rule of Illinois creates or recognizes the joint liability of lessor and lessee, for the purpose of removal the federal jurisdiction should follow the state court. In other words, there being a joint action in the state court, according to the decision of its highest authority, the federal court should recognize and give it effect. The rule of law in question is not local, or the effect of a statute, or its construction, but exists as a general rule of the common law, which the federal courts determine for themselves. One of the benefits secured through federal jurisdiction is the uniform and equal administration of the law affecting the rights of citizens of different states, and, if we were required to follow the decision of local courts upon questions not arising upon the statutes of the state, with great respect to the state courts, be it said, there would be more or less discord and uncertainty in the decisions. It would be an anomaly, were this court required to hold the law different from its own judgment of what it is, except in obedience to superior authority, in order that the jurisdiction of the state court may be sustained and its own jurisdiction defeated. Because no liability rests on the local corporation for the negligence charged, the action against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company is in legal effect single, and for such reason clearly removable to this court.

The motion of the plaintiff to remand the cause to the state court is overruled.