Guiseppe Colozza, Appellee, v. Iowa Central Railway Company and Wabash Railroad Company, Appellants.

## Gen. No. 18,364.

1. MASTER AND SERVANT ,   § 115*—*when railroad companies jointly liable for injury to servant.* Where a servant of a lessor railroad is injured by the negligence of the lessee railroad, both are jointly liable.

2. MASTER AND SERVANT, § 548*—*when declaration avers joint liability of railroad companies for injuries to servant.* Count in a declaration in an action against two railroad companies *held* to state a cause of action where it alleges that defendants owned and operated a railroad with engines, cars, trains, tracks, etc., and that plaintiff while employed by one of the companies was injured by the defendants carelessly operating their cars.

3. MASTER AND SERVANT, § 532*—*when additional counts state no new cause of action.* Additional counts differing from the original counts in alleging that one of the defendant railroad companies owned and managed the tracks and that the other oper-

ated as lessee, while the original counts alleged that both defendants owned and operated the engine and cars which injured the plaintiff, *held* not to state a new cause of action.

4.   Master and servant, § 779*—*when instruction applying foreign law to joint defendants, erroneous.* In an action by a servant of a lessor railroad company against both lessor and lessee companies for injuries resulting from the negligence of the latter while employed in another State, an instruction purporting to apply to both defendants and based on a law of such other State which takes away certain defenses but applies only to railroads which are employers of the servant injured, *held* erroneous.

5.   Railroads, § 485*—*liability for negligence of lessee company.* Both lessor and lessee railroad companies are liable for the negligence of the lessee company.

6.   Statutes, § 272*—*necessity of pleading laws of other States.* Unless the law of another State is pleaded it is not admissible in evidence, and it will be conclusively presumed to be the same as the law of this State.

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed October 9, 1913.

W. H. Bremner and Gardner, Carton & Gardner, for appellants.

Beach & Beach, for appellee.

Mr. Justice Fitch delivered the opinion of the court.

In November, 1909, appellee was working as a track repairer in the yard of the Iowa Central Railway Company at Albia, Iowa. The tracks in the yard ran north and south. East of the main track there were four switch tracks, numbered one, two, three and four. Appellee was working on track number two with a number of other men. There was a pile of ties lying on the ground east of track number four, nearly opposite the place where the men were working. The tracks were owned by the Iowa Central, but the Wabash Railroad Company also operated trains over them, under an agreement permitting such use.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

In the forenoon of November 8, 1909, the Wabash Company set out a train of cars on track number three, leaving an opening four or five feet wide between two of the cars about opposite the place where the track repairers were at work.   The workmen passed through this opening several times during the day in going to and from the pile of ties.   There were ten or twelve cars on the track north of the opening, and a like number to the south of it.   There were also cars on tracks two and four.   About three o'clock in the afternoon of that day, a Wabash engine, which had been switching at the south end of the yard (several hundred feet south), backed a train of fifteen or sixteen cars in on track number three, shoved them against the cars standing south of the opening, which in turn moved on and closed the opening just as appellee was passing through it.   His right arm was caught between the cars and crushed so that it had to be amputated.   He brought suit against both railroad companies and recovered a judgment for seven thousand five hundred dollars, from which both have appealed.

As originally filed, the declaration consisted of three counts.   The first count alleges that both defendants were corporations owning and operating a railroad with engines, cars, trains, tracks, switches and sidings in Monroe county, Iowa; that the plaintiff (appellee) was employed by the Iowa Central Railway Company at or near the city of Albia, in said county, and that his duties required him to work in and about the yards of the defendants and from time to time to cross the tracks; that while he was performing such duties with due care, defendants so carelessly operated an engine and train of cars, which were in charge of other employes who were not fellow-servants of the plaintiff, that they were suddenly and violently moved and the plaintiff was caught and crushed between the cars. The second count differs from the first only in alleging that the plaintiff was in the act of crossing the track along which the cars were moved as he was re-

quired to do by the duties of his employment, and de-
fendants failed to ring a bell, sound a whistle or give
any other warning of the approach of the train. The
third count is the same as the second, with the addition
of an allegation which sets out in full section 2071 of
the Iowa Code as amended in 1909, the material por-
tions of which, so far as this case is concerned, are as
follows: "Every corporation operating a railway
shall be liable for all damages sustained by any person,
including employes of such corporation, in consequence
of the neglect of the agents, or by any mismanagement
of the engineers or other employes thereof. * * * In
all actions hereafter brought against any such corpo-
ration to recover damages for the personal injury or
death of any employe under or by virtue of this section,
the fact that the employe may have been guilty of
contributory negligence shall not bar a recovery, but
the damages shall be diminished by the jury in propor-
tion to the amount of negligence attributable to such
employe; * * * nor shall it be any defense to such
action that the employe who was injured or killed
assumed the risks of his employment."

To this declaration, the defendants filed separate
pleas of not guilty. The Wabash company also filed
an additional plea denying any joint operation of the
engine and train of cars. The Iowa Central company
filed three additional pleas, the first of which denies
that it owned the engine and train in question and that
it jointly operated the same. The second alleges that
the Iowa Central company had granted to the Wabash
company the right to jointly use its tracks, that the
latter solely owned and operated the engine and train
which injured the plaintiff, that the plaintiff was em-
ployed solely by the Iowa Central, and that the law
of the State of Iowa did not charge it with any liability
to the plaintiff for injuries resulting from the negli-
gence of the Wabash company in operating trains over
the tracks of the Iowa Central company. The third

plea alleges that the Iowa Central neither owned nor operated the train which injured the plaintiff. The plaintiff demurred to all of the additional pleas and his demurrer was sustained to all except the third additional plea of the Iowa Central Railway Company, and was overruled as to that plea. Thereupon the plaintiff filed a replication stating in substance that the Iowa Central Railway Company was the owner of the tracks and the Wabash Railroad Company its lessee, and that the latter owned and operated the engine and train which injured the plaintiff. To this replication the Iowa Central company filed a special demurrer on the ground that the replication was a departure from the cause of action stated in the declaration. This special demurrer was overruled. On November 28, 1911, more than two years after the accident occurred, plaintiff filed three additional counts, which were the same as the original counts, with the exception that in place of the allegation that both defendants owned and operated the engine and the cars which injured the plaintiff it was alleged that the Iowa Central company owned, controlled and managed the tracks, and that the Wabash company was the operating lessee. To these additional counts the defendants pleaded the statute of limitations, and the plaintiff demurred to said plea. The demurrer was sustained and the plea of general issue was ordered to stand to the three additional counts.

Considerable space has been devoted in the brief of counsel for the Iowa Central company to a discussion of the rulings of the court upon the questions of pleading involved. We deem it unnecessary to answer in detail each of the propositions thus argued, as we think, after a careful consideration of the points discussed, that the record is free from substantial error in this respect. As to the plea of the statute of limitations, the argument of counsel is, in substance, that none of the original counts of the declaration states a cause of action because, it is said, no facts are averred

from which it appears that there was any duty on the part of the defendants to protect the plaintiff from the injury of which he complains, and inasmuch as the facts giving rise to such a duty are stated, it is claimed, for the first time in the additional counts filed more than two years after the accident occurred, therefore the additional counts state a cause of action which was never before stated, and the statute applies. In support of the first premise of this argument, counsel rely chiefly on the case of *McAndrews v. Chicago, L. S. & E. Ry. Co.*, 222 Ill. 232. In that case the declaration alleged that the plaintiff was an employe of the Illinois Steel Company (which was not a defendant) at its plant in South Chicago, at which plant there were certain railroad tracks, and that while the plaintiff, with due care, etc., was upon and about to unload a car standing on one of the tracks, the defendant railway company negligently and without warning, shoved other cars against the car in which plaintiff was standing and injured him. It was there held that the declaration did not state a cause of action. That case was distinguished, however, in the later case of *Grace & Hyde Co. v. Sanborn*, 225 Ill. 138, where a declaration similar in most respects to that filed in the *McAndrews* case, *supra*, contained the additional averments that the plaintiff was in the employ of the defendant, and "was in the necessary discharge of his duty as an employee of defendant" when he was injured. The Court held that these additional averments were sufficient to overcome the objections sustained to the declaration in the *McAndrews* case, saying (p. 141): "The master owes to the servant the duty of refraining from injuring him by any negligent act while the servant is in the performance of his duty. The declaration, therefore, states facts from which the defendant's duty to the plaintiff above mentioned appears, and this case is in this respect distinguished from *McAndrews v. Chicago, Lake Shore & Eastern Railway Co.*, 222 Ill. 232, where the relation of master

and servant did not exist." In *Lake Shore & M. S. Ry. Co. v. Enright,* 227 Ill. 403, the *McAndrews* case was again distinguished on similar grounds. In the present case, the original counts of the declaration contain the same averments, in substance, as those which were thus held to supply the defect found in the *McAndrews* case. No demurrer was filed to these counts and therefore, upon the authority of the *Sanborn* and *Enright* cases above cited, we think the counts stated a good cause of action in a manner sufficient, at least, to withstand attack after verdict or when questioned by a plea of the statute of limitations to the amended or additional counts. These cases are also a sufficient answer to the argument advanced to the effect that the declaration does not state any facts which constitute negligence on the part of defendant. As to the question of departure, we think the argument of appellants' counsel is fully answered against their contention by the same cases, when read in connection with *Anderson v. West Chicago St. Ry. Co.,* 200 Ill. 329; *Chicago & G. T. Ry. Co. v. Hart,* 209 Ill. 414; and, especially, *Wabash R. Co. v. Keeler,* 127 Ill. App. 265.

The serious question involved on this appeal is whether the court erred in giving to the jury the first instruction. That instruction states a rule of liability taken, almost verbatim, from section 2071 of the Code of the State of Iowa, as amended in 1909, which is quoted above, and then tells the jury that if they should believe from the evidence that the plaintiff was guilty of contributory negligence at and just before the injury, such contributory negligence is not a bar to a recovery, but that in estimating the amount of damages to which the plaintiff is entitled, if any, the jury shall diminish such damages in proportion to the amount of negligence attributable to the plaintiff. In form, this instruction applies (and we must assume it was intended by the court to apply) to both defendants, notwithstanding the fact that the plaintiff was not an employe of the Wabash company, but was employed solely by the

Iowa Central. It is conceded by counsel on both sides that the question of the liability of the defendants upon the facts proved in this case must be determined by reference to the Iowa law. The third original count and the third additional count are framed entirely upon that theory. Appellants' counsel insist that so far as the defense of contributory negligence is concerned section 2071 of the Iowa Code above mentioned is purely a master-and-servant statute; that is, that it is only applicable in suits brought by or on behalf of a railroad employee to recover damages for injuries sustained through the negligence of his own employer. To this contention appellee's counsel reply that by *another* section of the Iowa Code, an operating lessee railroad company is charged with all the duties and is made subject to all the liabilities imposed by law upon the lessor which owns the tracks and yard. But no section of the Iowa Code which imposes any such liability was pleaded. That the law of a foreign State must be pleaded if relied on by a plaintiff is conceded. If it is not so pleaded, the foreign law is not admissible in evidence, and the courts of this State will conclusively presume that the law of the foreign State is the same as the law of this State. By the law of this State both the lessor and lessee railroad companies are liable for the negligence of the lessee. *Anderson v. West Chicago St. Ry. Co., supra, Chicago & G. T. Ry. Co. v. Hart, supra.* But in any suit brought under the law of this State both the lessor and the lessee would be entitled to urge the defenses of contributory negligence and assumed risk. Section 2071 of the Iowa Code, which was pleaded, removes these defenses in all actions brought under the law of that State against a corporation operating a railway "to recover damages for the personal injury or death of any employee," when such damages are sustained in consequence of the neglect of the agents of such corporation, but it does not purport to take away the defense of contributory negligence from an operating

company when it is sued by one who is neither in fact, nor by operation of law, its agent or employe. Under the doctrine announced in *Anderson v. West Chicago St. Ry. Co., supra,* and *Chicago & G. T. Ry. Co. v. Hart, supra,* the Iowa Central Railway Company is regarded as the principal, and the Wabash Railroad Company as its agent, and for any injury sustained through the negligence of such agent the principal is liable as well as the agent, and both are jointly liable. It does not follow, however, that both may urge the same defenses under the Iowa statute. Under section 2071 of the Iowa Code, the immediate employer of the plaintiff (viz: the Iowa Central company) is deprived of the defense of contributory negligence as a bar to a recovery, but that defense may be urged by one who is not the employer of the injured person, even though such one may be jointly liable with the employer. The first instruction was therefore erroneous in making no distinction in this respect between the Wabash company and the Iowa Central.

It follows from the view we have expressed that the judgment is erroneous as to the Wabash Railroad Company; and on familiar principles, if erroneous as to one, it must be reversed *in toto.* The judgment will therefore be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*