HANNA *v.* RAILWAY COMPANY.

(*Nashville.* December 31, 1889.)

MASTER AND SERVANT. *Who is master. Liability for injury to servant.*

Railway company does not bear relation of master to a person or his employes, who are engaged in removing, by company's permission, upon its track, by means of grade and brakes alone, cars which had been hired to such person and placed at his disposal to be moved by himself; and the company assumes no responsibility to employes of such person for injuries sustained in such service by reason of the negligence of their employer, or of their fellow-servants.

Case cited: Railroad *v.* Handman, 13 Lea, 423.

---

FROM SUMNER.

---

Appeal from Circuit Court of Sumner County. A. H. MUNFORD, J.

S. F. WILSON and G. W. BODDIE for Hanna.

J. J. TURNER and C. R. HEAD for Railway Company.

FOLKES, J. This was an action brought by the plaintiff to recover damages for a personal injury. The declaration contains two counts: (1) For neg-

ligence of the company through the superior of
the plaintiff, in not notifying the plaintiff of
the dangers incident to the employment; (2) for
negligence in associating the plaintiff with other
employes known to the defendant to be incompe-
tent, and injury resulting therefrom. There was
a verdict and judgment for the defendant, and
plaintiff has appealed in error.

· The record discloses the following facts:

The plaintiff was employed by Settle & Link,
who were dealers in cross-ties, wood, etc., to ac-
company Link and other hands employed by him
to bring empty cars from another station, by grade,
for the purpose of being loaded preparatory to
being turned over to the railroad company for
shipment. The plaintiff was to be paid by Settle
& Link for loading the cars at the rate of forty
cents per car, it requiring five men to properly
load the car with wood or cross-ties, each of
whom received forty cents, making two dollars for
loading the car.

Link, one of the firm of Settle & Link, was
also railroad or station agent, and the store of
his firm was used as a station or depot. Neither
plaintiff nor those associated with him, were ex-
perienced as railroad hands, and were not instructed
or warned, but were known to each other to be
without such instruction and experience. The
plaintiff, in his own testimony, states that he was
employed by Settle & Link, and was to be paid
by them, and not by the railroad company.

When Settle & Link asked for cars to move their cross-ties and wood, they were told that the company had some flat-cars up at another station a few miles distant, and that if they would go up and bring them down (which they could do, on account of the grade, by merely handling the brakes, without any motive power other than that of gravity), they could have the cars for the purpose of moving their freight, and that after they had brought them down and loaded them the defendant would then take charge of and move the cars in regular trains to desired destination.

Under the arrangements with Settle & Link, the railroad company carried Link and his crew of hands on a passenger-train, without charge, up to the station from which the cars were to be brought. Link and his crew brought the cars to the station at which they were to be loaded. Just before reaching the station Link instructed the plaintiff with two of his associates, who were upon the front car, to disconnect that car and run it on a side-track, where it was to be loaded by the plaintiff and others with wood. Plaintiff, sitting on the front of the car after it had been detached from the other cars, relying on his two associate laborers to properly handle the brakes, jumped off in front of the moving car (or after the car was stopped, as some of the testimony tends to show), when, by the negligence of his two associates at the brakes, the cars were allowed

to move forward and run upon him, inflicting the injury complained of.

The plaintiff, in his assignment of error, insists that it was the duty of the railroad company to move its cars from one station to another, and that it could not devolve this duty upon another so as to escape liability. This is a very correct rule so far as applicable to a stranger who might have been injured by the cars, or to a passenger on other cars, injured by the negligence of the persons thus permitted to take charge of the cars of the defendant company, upon the principle well established that a company owes a duty to the public by reason of its franchises, from which it cannot absolve itself by turning over its road, or the management of its trains thereon, to others, whether corporations or individuals, without legislative sanction and exemption.

But this rule does not apply in favor of the parties themselves, who receive from the company their cars with the understanding and agreement that they are personally to move or operate them for themselves or for their employer. In such case the company assumes no duty and no contract relation toward the parties so put in possession of the cars, except the duty to furnish sound and safe cars.

So far as this plaintiff is concerned, he had undertaken, in connection with others equally inexperienced with himself, to move these cars, not for the company, but for Settle & Link, to whom

alone they looked for compensation for their serv-
ices, and he' is injured by a fellow - servant ·in
the employ of Settle & Link. We are wholly at a
loss to discover any principle upon which the rail-
road can be held liable for an injury so inflicted.
The company's liability for an injury to a servant
must rest upon some wrong or negligence as the
occasion of the injury, and there is nothing in
this record to show any negligence or wrong on
the part of the company which can be said to be
the prime or proximate cause of such injury.
Certainly the mere turning over of its empty cars
to a shipper, at such shipper's request, to be
handled by the shipper, cannot be said to be the
occasion of the injury complained of. The injury
resulted from the negligence of the two men at
the brakes, and these two men were not in the
employ of the railroad company, but, like the
plaintiff, were under the employment of Settle &
Link, and were known to the plaintiff to be as
ignorant and inexperienced as the plaintiff himself
was, the fact being that the plaintiff and his
associates were countrymen, living in the neighbor-
hood of the depot, who had been in the habit of
loading cars. Indeed, under the proof in this case,
it might well be doubted whether the plaintiff
could recover for the incompetency of his fellow-
servants, even if they had all been in the employ
of the defendant, where, as shown in this. record,
the plaintiff was acquainted with the inexperience
and want of skill ˙on the part of his associates;

unless, perhaps, he had been instructed, under some special emergency, to act with such incompetent associates. See *Railroad* v. *Handman*, 13 Lea, 423, where the true rule is stated to be that "an employe working knowingly with defective machinery or tools, or with incompetent associates, takes the risk thereof, and, both being in fault, the plaintiff cannot recover."

Under the views above expressed, it is unnecessary for us to consider in detail each of the special charges given or refused. There is nothing in the charge of which plaintiff can complain, for, as we have already seen under his own statement of his case, the company was not liable for the injury received by him as the result of the negligence of his associates.

We deem it, therefore, unnecessary to consider the several criticisms in the assignment of errors passed upon the charge, which contains more of error against the defendant than against the plaintiff, in a case where, under a proper charge, the trial must necessarily result in a verdict for defendant.

Let the judgment be affirmed.