OHIO POSTAL TELEGRAPH CABLE CO. v. BOARD OF COM'RS OF
SANDUSKY COUNTY, OHIO.

(Circuit Court, N. D. Ohio, W. D.   January 9, 1905.)

No. 1,816.

1. TELEGRAPHS—OCCUPANCY OF HIGHWAY—RIGHT OF STATE TO COMPEL RE-
MOVAL.

A telegraph company which has built its line on a public highway,
which is a post road, with the consent of the local authorities having
jurisdiction, and has filed its acceptance of the provisions of Rev. St.
§ 5263 [U. S. Comp. St. 1901, p. 3579], cannot be required to remove
such line without compensation, nor can it be removed by the authorities,
because since its erection it has become an inconvenience to the public,
by reason of the construction of a street railway which occupies a por-
tion of the highway, also, by consent of the authorities.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Telegraphs and
Telephones, §§ 6, 7.]

2. FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.

A federal court has jurisdiction of a suit by a telegraph company
which has accepted the provisions of Rev. St. § 5263 [U. S. Comp. St.
1901, p. 3579], to enjoin the threatened removal or destruction of its
line by the local officers.

[Ed. Note.—Jurisdiction of federal courts in cases involving federal
questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore
Purchasing Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7.]

In Equity.   Suit for injunction.

Weed & Miller and E. S. Cook, for complainant.
M. W. Hunt and S. S. Richards, for defendants.

WING, District Judge.   From the proof in this cause, it appears
that the complainant's line of telegraph, consisting of poles and
wires, was placed in the road known as the "Maumee Pike" in the
year 1893; that this was done under the authorization of a resolu-
tion of the county commissioners of Sandusky county; that the
location of the poles was in accordance with the direction of the
county commissioners of such county, and that such location of
poles has not been changed since the erection of the line; that at
the time of the erection of the line the Maumee Pike was a high-
way 120 feet in width, a portion of which was macadamized, and
the line of complainant's telegraph poles was erected on the edge
of the macadamized portion; that the road upon which the com-
plainant's telegraph line was erected is a postal road; that the
complainant has filed a written acceptance with the Postmaster
General of the restrictions and obligations required by section 5263
of the Revised Statutes of the United States [U. S. Comp. St.
1901, p. 3579].   It further appears that the defendants, by resolu-
tion, have ordered the complainant to remove the poles of its
telegraph line upon the said Maumee Pike from the place where
they are at present located, and in the same resolution permission
is granted to the Postal Telegraph & Cable Company to locate said
line of poles upon the extreme north portion of the pike; that
the intention has been expressed on the part of the commissioners

that, unless the poles are removed as ordered, they will be cut down by the defendants' direction. It is recited in the last resolution referred to, as a reason for the resolution, "that the present location of said line of telegraph poles upon said highway seriously incommodes the public in the use of said highway." The condition of the line has in no wise been changed since its erection.

In 1899 the county commissioners of Sandusky county granted to the Toledo, Fremont & Norwalk Railway Company the right to erect, maintain, and operate a line of electrically operated railway along and upon the macadamized portion of the Maumee Pike, and subsequently such railway was built. The terms and provisions of the franchise thus granted appear in evidence, and it is, among other things, provided that the railway company shall save Sandusky county harmless from any and all expense, injury, or damage arising from the operation of said road, and in any way arising from the location, construction, and operation of said proposed railroad. Testimony is introduced tending to show that the public is to some extent inconvenienced in its use of the pike by the existence of the railroad and the line of telegraph poles, as they are now situated. There is no testimony showing that any inconvenience would have arisen to the public, except for the construction of the railway line in the pike. There is testimony, uncontradicted, which shows that, if the telegraph line of the complainant should be removed to the side of the pike designated in the resolution passed by the commissioners for the removal, the operation of the line would be much hampered by the existence of trees. It also appears in evidence that considerable expense would attend the removal of the line. There is no fault attributed to the complainant, and the only injury to the public has arisen by reason of the construction of the railroad by the railway company, which has agreed to hold the county harmless. It does not appear that any proceedings have been taken in which the rights of the respective parties might be adjudged. It is undoubtedly within the power of the state of Ohio, through its county commissioners, to exercise police power or other sovereign powers for the benefit of the public, notwithstanding such exercise of power may interfere with the rights of individuals; but if such interference, and such appropriation, in whole or in part, of such rights, to the use of the public, result in injury or loss to the one in whom such rights exist, compensation should first be made. The inconvenience to the public evidently has arisen either from the action of the county commissioners in granting the franchise to the railway company, or in the manner of exercise by the railway company of such franchise. In relieving against the existing inconvenience, the loss and expense should be borne by those creating the inconvenience.

This court has jurisdiction of the cause, for the reason that the threatened physical interference with the telegraph line of the complainant would seriously interrupt the rights acquired by the complainant under the statutes of the United States.

For the reasons given, the injunction prayed for by the com-

plainant is granted; and, for the same reasons, the mandatory injunction prayed for by the cross-bill is refused. Final decree may be drawn in accordance with this opinion.