BELTZ v. BALTIMORE & O. R. CO. et al.

(Circuit Court, N. D. Ohio, W. D. May 16, 1905.)

No. 1,889.

RAILROAD COMPANIES—LEASE OF ROAD—LIABILITY OF LESSOR FOR LESSEE'S NEGLIGENCE.

Rev. St. Ohio 1892, § 3305, declaring a railroad company leasing its road jointly liable with the lessee on all rights of action accruing to any one for any negligence or default growing out of the operation or maintenance of the road, or in any wise connected therewith, applies only to liabilities growing out of duties as a carrier, and not out of duties as an employer.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 802–816.]

Jesse Vickery, for plaintiff.
F. A. Durban, for defendant Baltimore & O. R. Co.

TAYLER, District Judge. This case is before the court on plaintiff's motion to remand the same to the court of common pleas of

Huron county, Ohio, whence it was removed on the petition of the defendant the Baltimore & Ohio Railroad Company, which is a citizen of the state of Maryland, on the ground of separable controversy between citizens of different states. The defendants, the Baltimore & Ohio Railroad Company and the Cleveland, Lorain & Wheeling Railroad Company, are the lessee and lessor, respectively, of a line of railroad extending from the city of Cleveland, Ohio, to the city of Wheeling, W. Va. Plaintiff's intestate, Robert M. Beltz, was in the employ of the defendant the Baltimore & Ohio Railroad Company in the capacity of conductor of a freight train running on the line of railroad above referred to, and, while in the performance of his duties, received injuries, from which he died, by reason of the fact that, as alleged in the petition, the track at the place where he was injured was out of repair, causing him to stumble and fall under a passing car beside which he was walking.

The uniform holding in this district since the decision of the Warax Case (C. C.) 72 Fed. 637, has been, where allegations such as appear in this petition are made, that no right to remand exists. Claim is made, however, that, since the relation of lessor and lessee exists between the two defendant corporations, the provisions of section 3305 of the Revised Statutes of Ohio of 1892 control the rights of the parties, and make both the lessor and lessee liable to the plaintiff. In view of the opinion of Judge Thompson, in the Circuit Court for the Southern District of Ohio, in the case of Axline v. Toledo, Walhonding Valley & Ohio Railroad Company et al., 138 Fed. 169, I am disposed to hold that the motion to remand ought to be denied. In the unpublished opinion on the motion to remand in that case, Judge Thompson said:

"The tort set up in the original petition was not the joint tort of the defendants, nor was the Toledo, Walhonding Valley & Ohio Railroad Company a party thereto in any respect. The plaintiff was a servant of the Pennsylvania Company, employed in the operation of a railroad, and was injured while in that service, as is alleged, by reason of the negligence of that company. The Toledo, Walhonding Valley & Ohio Railroad Company was the owner of the railroad, and the Pennsylvania Company was its lessee; and it is claimed that the Toledo, Walhonding Valley & Ohio Railroad Company is liable to the plaintiff for the injury he sustained, under section 3305 of the Revised Statutes of Ohio of 1892, which provides: '* * * and notwithstanding such lease, the corporation of this state, lessor therein, shall remain liable as if it operated the road itself, and both the lessor and lessee shall be jointly liable upon all rights of action accruing to any person for any negligence or default growing out of the operation and maintenance of such railroad, or in any wise connected therewith.' This law has relation to the duties of the railroad company as a common carrier, and in that respect is declaratory of the common law, and is not applicable to the plaintiff's case, which is founded upon the contract of service between the plaintiff and the Pennsylvania Company, and not upon any duty which the Pennsylvania Company, as a common carrier, owed to the plaintiff. If the Pennsylvania Company had undertaken to carry the plaintiff as a passenger, as in the case of Central Ohio Co. et al. v. Mahoney, 114 Fed. 732, 52 C. C. A. 364, and while being so carried the plaintiff had been injured by reason of the negligence of that company, both companies would have been jointly liable, under the provisions of the Ohio statutes referred to, because the injury would have been caused by the failure of the Pennsylvania Company to perform the duty imposed upon it by the law as a common carrier;

but the plaintiff was not being carried as a passenger over the railroad, but was a servant in the employ of the Pennsylvania Company, and the duty which that company owed him arose out of the contract between them, and was not imposed by the law upon grounds of public policy."

I think there is great force in the proposition laid down by Judge Thompson—that the statute of Ohio making the lessor company liable for any negligence or default growing out of the operation and maintenance of the railroad leased was intended to apply only to liabilities growing out of the duty of the railroad company as a common carrier, and not out of its duties as an employer of labor. Its duties as a common carrier are public in their character. Upon them rests the reason for its possession of the power of eminent domain. As an employer of labor, its duties are of the same nature as those which are laid upon other employers, and do not, in principle, have any peculiar character because it happens at the same time to be a common carrier, and as such has certain public duties.

The motion to remand is therefore overruled.