(44 South. 274.)

No. 16,542.

TRAVIS v. KANSAS CITY, S. & G. RY. CO.

(June 21, 1907.)

RAILROADS—LIABILITY OF LESSOR—INJURY TO EMPLOYÉ OF LESSEE.

In the absence of charter or statutory permission to lease its road, a railroad company is held liable for the breach on the part of its lessee of any of those duties imposed upon the lessor company by its charter or by law in favor of the public; that is to say, of carrying freight and passengers safely, and of operating with due care to the safety of the public generally. But in considering the liability of the lessor company a distinction is made between an employé and the public generally. The employé cannot recover for the breach of a duty arising under the contract of employment, as, for instance, the duty of providing a safe place to work in. The duty of the master to furnish the servant a safe place to work in is nothing more than one of the implied obligations of contract. It is not a duty arising from the general relation which the railroad occupies towards the public or towards the servant as one of the public. The duty to light the yard of the railroad company is not a duty owing to the public by the lessor company, but merely one arising out of the contract of employment. The question of what light shall be furnished to the employé to work by on the premises of the employer is one strictly between the employé as such and the employer as such.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 813.]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by Anna B. Travis against the Kansas City, Shreveport & Gulf Railway Company. Judgment for plaintiff. Defendant appeals. Judgment set aside, and suit dismissed.

Alexander & Wilkinson, for appellant. Hall & Jack, for appellee.

PROVOSTY, J. Plaintiff's husband was a brakeman on one of the yard, or switching, locomotives of the defendant company. The defendant company's railroad was being operated by another railroad company under some agreement between the two companies, and the contract of plaintiff's husband was with the operating company. He was crushed to death in a collision between the locomotive he was working on and a lot of dead cars that stood in the darkness on the yard of the defendant company. Plaintiff sues for his death, alleging that it occurred through the negligence of the defendant company in having failed while constructing the road to make provision for lighting the yard, and through the negligence of both companies in not having lighted said yard.

Plaintiff invokes the doctrine of Muntz v. Algiers R. Co., 111 La. 423, 35 South. 624, 64 L. R. A. 222, 100 Am. St. Rep. 495, and Hamilton v. Railroad Co., 117 La. 243, 41 South. 560, 6 L. R. A. (N. S.) 787, to the effect that, in the absence of charter or statutory permission to lease its road, a railroad company is held answerable for the breach on the part of its lessee of any of those duties imposed upon the lessor company by its charter or by law in favor of the public; that is to say, of carrying freight and passengers safely and of operating with due care to the safety of the public generally.

In considering the liability of the lessor company, however, the courts have made a distinction between an employé and the public generally, holding that the employé cannot recover for the breach of a duty arising under the contract of employment, as, for instance, the duty of providing a safe place to work in. East Line & Red River R. Co. v. Culberson, 3 L. R. A. 567, 72 Tex. 375, 10 S. W. 706, 13 Am. St. Rep. 805; B. & O. Ry. Co. v. Paul, 28 L. R. A. 216, 143 Ind. 23, 40 N. E. 519; Caruthers v. Kansas City, etc., Ry. Co., 44 L. R. A. 745, 59 Kan. 629, 54 Pac. 673; Axline v. Toledo, etc., R. Co. (C. C.) 138 Fed. 169; Beltz v. B. & O. R. Co. (C. C.) 137 Fed. 1016; Williard v. Spartanburg, etc., R. Co. (C. C.) 124 Fed. 796; Hukill v. Maysville, etc., R. Co. (C. C.) 72 Fed. 745; Curtis v. Cleveland, etc., R. Co. (C. C.) 140 Fed. 777;

Yeates v. I. C. R. R. Co. (C. C.) 137 Fed. 947; Hanna v. Railway Co., 88 Tenn. 310, 12 S. W. 718, 6 L. R. A. 727.

The duty of the master to furnish the servant a safe place to work in is nothing more than one of the implied obligations of the contract. Bailey on Master's Liability for Injury to Servants, p. 1. It is not a duty arising from the general relation which the railroad occupies towards the public or towards the servant as one of the public.

The learned counsel for plaintiff argues that this duty to light the yard was a duty owing to the public by the lessor company, and not 'one merely arising out of the contract. We take a different view. We think that the question of what light shall be furnished to the employé to work by on the premises of the employer is one strictly between the employé as such and the employer as such.

The exception of no cause of action should have been sustained.

Judgment set aside, and suit dismissed.