PROVOSTY, J.
Plaintiff’s husband was a brakeman in the employ of the Kansas City Southern Railroad. The usual place for the north-bound and the south-bound trains to pass each .other was Hawthorne, and the instructions to the train on which plaintiff’s husband was braking were to stop there; but *871 the instructions were illegibly written, and the word “Hawthorne” looked like “Horn-beck,” a station four miles further; and the engineer, taking it to be “I-Iornbeck,” went on, and a head-on collision occurred, in which plaintiff’s husband was killed. The trains belonged to’ the railroad in whose employ plaintiff’s husband was, but were running on the tracks of the defendant railroad, the Kansas Oity, Shreveport & Gulf Railway, an entirely different corporation.
The plaintiff brought this suit in damages against both roads in solido, alleging that the former road was “operating, managing, and controlling” the latter, “by the consent” of the latter, “and under some sort of contract of employment, or some sort of agreement, contract, or arrangement which was not recorded, and which, therefore, the petitioner is unable to describe more particularly.”
The suit was removed to the federal court as to the operating road, and was there dismissed as of nonsuit, on plaintiff’s motion, and stands now only against the road owner of the tracks on which the trains were being run.
The defense to the suit is twofold: First, that an employ® of the lessee (or operating) road has no right of action against thé lessor (or owner) road for the negligent acts of his employer; and, secondly, that the engineer through whose fault the collision occurred was the fellow employ® of the brakeman.
The former of these defenses has heretofore been maintained by this court in a suit by an employ® of the same lessee (or operating) road against the same owner (or lessor) road, and we see no reason for changing the views there expressed. Travis v. Kansas City, Shreveport & Gulf R. R. Co., 119 La. 489, 44 South. 274, 10 L. R. A. (N. S.) 1189.
The learned counsel for plaintiff would differentiate the two cases by suggesting that in the Travis Case the contract between the two roads was understood by the court to have been a lease; whereas in the instant case it is shown to have been a contract of another description. In the Travis Case the counsel for plaintiff said in their brief:
“For convenience, we will call the owner the lessor and the operating company the lessee, and as far as we can see or understand the law the rights of the parties are the same under an unauthorized lease as they are under any other sort of an agreement that may be made between the owner and the operating company that is not authorized by statute.”
The case, therefore, was not decided on the hypothesis of the contract having been a lease. In the case of Hamilton v. L. & N. W. R. Co., 117 La. 243, 41 South. 560, 6 L. R. A. (N. S.) 787, this court said that in the absence of statutory authority for the contract between the two roads the extent of the liability of the lessor (or owner) road continues the same, irrespective of what the character of the contract between the two- roads may be.
The Kansas City Southern, or lessee road, is operating also another road in Texas; the three roads together making a continuous line from Kansas City to the Gulf. It is doing so in its own name, and, so far as the evidence shows, for its own benefit. The arrangement between the roads is that the freight earned is divided between them in proportion to mileage. The evidence also shows that the Kansas City Southern owns all the shares of stock and all the bonds of the defendant railroad.
The latter circumstance we consider entirely insignificant, since the two corporations are not thereby made one, but continue to be two legal entities, with all their separate franchises and privileges and powers and functions. The ownership of the stock enables the one to control the other; that is all.
The learned counsel for plaintiff contend that the traffic arrangement between the two companies makes the operating corporation *873 the partner or agent of the other, so that the contract with the employés must be considered as made for and by both companies.
We do not understand that the operating road is either the partner or agent of the owner road, but simply that it has taken over the property and is operating it for its own benefit, and pays for the use of it on the basis of, or in proportion to, the freight earned over the line. The contract of the plaintiff’s husband was made with the operating road alone, and in no wise with the lessor or owner corporation; and for any breach of it the former alone is liable.
Judgment 'set aside, and suit dismissed, with costs in both courts.